Filed 1/27/26  P. v. Solomon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102214 |
| Plaintiff and Respondent, | (Super. Ct. No. 97F05780) |
| v. | |
| VINCENT SOLOMON, | |
| Defendant and Appellant. | |

In 1998, a jury convicted defendant Vincent Solomon of two counts of dissuading a witness, robbery, assault by means of force likely to cause great bodily injury and resisting a peace officer.  The trial court determined defendant had suffered a prior strike, a prior serious felony conviction, and had served a prior prison term.  The court imposed an aggregate prison term of 27 years 4 months.

In September 2024, the trial court resentenced defendant in accordance with Penal Code section 1172.75 to an aggregate prison term of 26 years and 4 months.  He appeals contending the trial court erred:  (1) by reimposing an upper term sentence in violation of his constitutional rights to a jury trial and due process; and (2) by failing to consider mitigating circumstances under section 1385, subdivision (c) prior to determining

1

whether to strike his prior strike.  We affirm.  Undesignated section references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 1997, defendant attacked his former, pregnant girlfriend (T.B.) by pushing her to the ground, hitting her head, and kicking her in the stomach.  T.B. struggled to get away, and defendant took the money from her purse.  Later that day, defendant attempted to flee a traffic stop on foot but was taken into custody.  While in custody, defendant attempted to recruit others to threaten T.B. and another victim in an effort to get them to withdraw their complaints.

In October 1998, a jury found defendant guilty of dissuading a witness (§ 136.1; counts 3, 6); robbery (§ 211; count 4), assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(1); count 5), and resisting a peace officer (§ 69; count 7).  Defendant waived his right to a jury trial on the priors, and the trial court determined defendant had suffered a prior strike (§ 667 subds. (b)-(i)), a prior serious felony conviction (§ 667, subd. (a)), and had served a prior prison term (§ 667.5, subd. (b)).

In November 1998, the trial court sentenced defendant to an aggregate prison term of 27 years and 4 months comprised of: 10 years (the upper term doubled) for the robbery (count 4), 2 years (one-third the midterm doubled) for dissuading a witness (count 3), 6 years (the midterm doubled) for dissuading a witness (count 6), 2 years (one-third the midterm doubled) for the assault (count 5), 1 year 4 months (one-third the midterm doubled) for resisting a peace officer (count 7), 5 years for the prior serious felony, and 1 year for prior prison term.

In January 2024 and in response to a letter from the California Department of Corrections and Rehabilitation identifying defendant for resentencing under section 1172.75, the trial court appointed counsel and set a briefing schedule.  Defendant's sentencing memorandum asked the trial court to "remove" his prior prison term enhancement and to fully resentence him, requesting the court strike his prior strike and

2

dismiss his prior serious felony enhancement.  In support of this request, defendant highlighted his rehabilitative efforts while incarcerated, his poor physical health, age, and mental health issues possibly caused by abuse he suffered as a child.  He requested a midterm sentence in light of changes to section 1170, subdivision (b) brought about by Senate Bill No. 567 (Reg. Sess. 2021-2022).  His briefing did not address section 1172.75, subdivision (d)(4).  The People's brief acknowledged defendant had a prior prison term enhancement entitling him to resentencing but argued against any further reduction of defendant's sentence and reserved the right to argue that even his prior prison term enhancement should not be stricken because of the danger he posed to public safety.  This briefing also did not address the applicability of section 1172.75, subdivision (d)(4).  Defendant did not file a reply brief.

At the resentencing hearing in September 2024, defendant reiterated the arguments from his resentencing brief, asking the trial court to strike his prior strike and/or his prior serious felony enhancement and to impose the midterm instead of the upper term.  The People disagreed, highlighting defendant's 65 serious rule violations while incarcerated, the last of which occurred in 2022.  Ultimately, the trial court struck the prior prison term enhancement but otherwise reimposed defendant's previous sentence for an aggregate prison term of 26 years and 4 months, including the upper term on count 4.  The court found defendant had engaged in some rehabilitative efforts, but was also a persistent rulebreaker who had engaged in serious conduct such that it would not be in the interests of justice to strike the strike.  The court also determined striking defendant's prior serious felony enhancement would be contrary to the interests of justice and that defendant "does still present a serious danger to the community."  Defendant did not object to the trial court's reimposition of the upper term and timely appealed.

## DISCUSSION

### I

Defendant contends the trial court erred by reimposing an upper term sentence in violation of his right to a jury trial under the Sixth Amendment and his right to due process under the Fourteenth Amendment of the U.S. Constitution. Specifically, he asserts: (1) the trial court did not exercise informed discretion because its decision predated *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*), *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*), and *People v. Gonzalez* (2024) 103 Cal.App.5th 215 (*Gonzalez*) in violation of his right to an informed exercise of judicial discretion as protected by the due process clause; and (2) section 1172.75, subdivision (d)(4) is unconstitutional because it shields defendants from receiving a jury trial on every fact that increases sentencing exposure. We disagree.

Defendant's first argument is factually inaccurate. The three decisions cited by defendant were decided before the trial court's September 2024 ruling in this case. (*Erlinger*, *supra*, 602 U.S. 821 ; *Lynch*, *supra*, 16 Cal.5th 730; *Gonzalez*, *supra*, 103 Cal.App.5th 215). Thus, he has not established a violation of due process.

Defendant's second argument also fails. Section 1172.75, subdivision (d)(4) provides: "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." In *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 (*Brannon-Thompson*), another panel of this court determined that section 1172.75, subdivision (d)(4) operated as an exception to the general rule that the new burden of proof requirements of section 1170, subdivision (b) would apply to resentencing under section 1172.75. (*Brannon-Thompson*, at pp. 466-467.)

4

Defendant argues that *Brannon-Thompson* was wrongly decided and that this court should instead follow *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*), which interpreted section 1172.75 differently. *Gonzalez* "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*Gonzalez*, at pp. 328-329.) However, *Gonzalez* decided the statute could also reasonably be interpreted to limit upper term eligibility only to those individuals who had previously been sentenced to an upper term and who would still be entitled to the heighted standard of proof requirements. (*Id*. at p. 329.) *Gonzalez* adopted the latter approach as a matter of constitutional avoidance, reasoning "allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment" protections discussed in *Lynch*, *supra*, 16 Cal.5th 730. (*Gonzalez*, at p. 730.) In *Lynch*, the California Supreme Court explained "that the Sixth Amendment jury trial right is triggered by section 1170 [subdivision (b)]'s substantive requirements governing imposition of an upper term sentence." (*Lynch*, at p. 762.)

We join the courts that have found the *Gonzalez* court's interpretation of section 1172.75, subdivision (d)(4) unnecessary to avoid a conflict with the Sixth Amendment. (*People v. Mathis* (2025) 111 Cal.App.5th 359, 373-374, review granted Aug. 13, 2025, S291628 (*Mathis*); *People v. Dozier* (2025) 116 Cal.App.5th 700, 713-715 (*Dozier*).) Given that this case involves an upper term originally imposed in 1998, we find *Dozier* particularly instructive.

In *Dozier*, a jury convicted the defendant in 1997 of attempted murder and possession of a firearm by a felon with an enhancement for serving a prior prison term enhancement under section 667.5, former subdivision (b). (*Dozier*, *supra*, 116 Cal.App.5th at p. 707.) Given the prior prison term enhancement, the defendant was resentenced in 2023. (*Id*. at p. 708) Defendant's new sentence included an upper term

5

imposed under section 1172.75, subdivision (d)(4) without heightened fact-finding. (*Id*. at p. 712)  Defendant appealed, presenting the issue of whether "a resentencing court [could] impose pre-2007 upper terms based on circumstances not found true by a fact finder beyond a reasonable doubt?"  (*Dozier*, at p. 705.)

In analyzing this issue, *Dozier* noted the original version of section 1170 in effect at the defendant's sentencing provided a presumption in favor of the middle term, which could be overcome by the trial court determining factors in aggravation under a lower standard of proof.  (*Dozier*, *supra*, 116 Cal.App.5th at p. 710.)  This version of the statute was found unconstitutional in *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*).  (*Dozier*, at pp. 710-711.)  Specifically, the Supreme Court of the United States "held California's determinate sentencing law violated the defendant's Sixth Amendment right to a jury trial by assigning 'to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated "upper term" sentence.' "  (*Dozier*, at pp. 710-711.)  California could remedy this constitutional deficiency by either: "(1) giv[ing] the jury the authority to 'find any fact necessary to the imposition of an elevated sentence' or (2) 'permit[ting] judges genuinely "to exercise broad discretion . . . within a statutory range." ' "  (*Dozier*, at p. 711.)

In 2007, the Legislature "chose *Cunningham's* second option, amending section 1170 to provide the choice between the lower, middle, and upper terms 'shall rest within the sound discretion of the court.' "  (*Dozier*, *supra*, 116 Cal.App.5th at p. 711.)  This amendment eliminated the presumption in favor of the middle term, allowing the trial court to choose a defendant's sentence from three different terms.  (*Ibid*.)  In 2022, the Legislature again amended section 1170 to embrace *Cunningham's* first option.  (*Dozier*, at p. 711.)  Thus, the latest section 1170, subdivision (b) reemployed the presumption in favor of the midterm, which may only be overcome " 'when there are circumstances in aggravation [of the crime] that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been

6

stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' " (*Dozier*, at p. 711)

Nonetheless, *Dozier* determined that section 1172.75, subdivision (d)(4) created an exception to the heightened factfinding requirement, agreeing with this court's analysis in *Brannon-Thompson*.[1] (*Dozier*, *supra*, 116 Cal.App.5th at p. 713.) *Dozier* further agreed with *People v. Mathis*, *supra*, 111 Cal.App.5th at p. 366, which rejected *Gonzalez's* interpretation of section 1172.75, subdivision (d)(4) to limit the reimposition of upper term sentences unless the aggravating facts had been proven under heighted standards or admitted by the defendant. (*Dozier*, at pp. 713-714.) However, unlike the defendant in *Mathis* whose sentence had been imposed under a system complying with *Cunningham's* Sixth Amendment guidance, the defendant in *Dozier* had been sentenced under the scheme invalidated by *Cunningham*. (*Dozier*, at pp. 714-715.) *Dozier* thus considered whether it was permissible to reimpose the upper term under those circumstances and concluded that it was. (*Ibid*.)

In reaching that conclusion, *Dozier* noted that the Legislature in enacting section 1172.75, subdivision (d)(4) had elected to extend the benefit of the heighted factfinding requirements only to individuals "previously sentenced to the lower or middle term, but not to defendants like Dozier who previously received the upper term." (*Dozier*, *supra*, 116 Cal.App.5th at p. 715) Dozier reasoned, "[s]ection 1172.75, subdivision (d)(4), allows a court to reimpose an upper term, without heightened factfinding, both on defendants originally sentenced between 2007 and 2022 under a statute that gave the trial court discretion to select the lower, middle, or upper term without any judicial factfinding

---

[1] We acknowledge that the California Supreme Court has granted review in *People v. Eaton* (Mar. 14, 2025, S289903) to determine whether section 1172.75 subdivision (d)(4) allows a trial court to reimpose an upper term where the defendant did not stipulate to, and a factfinder did not find true beyond a reasonable doubt, the facts underlying one or more aggravating circumstances.

(a statutory scheme that, " ' "everyone agrees," encounters no Sixth Amendment shoal' " (*Lynch*, *supra*, 16 Cal.5th at p. 747) and on defendants originally sentenced before 2007, under the statute the [Supreme Court of the United States] found unconstitutional in *Cunningham*, *supra*, 549 U.S. 270, because it allowed the trial court to impose the upper term based on judicial factfinding." (*Dozier*, at p. 715.)

*Dozier* then highlighted the presumption that the Legislature was aware of both *Cunningham* and the previous versions of section 1170 when it enacted section 1172.75. (*Dozier*, *supra*, 116 Cal.App.5th at p. 715.) Under that presumption, *Dozier* reasoned "the Legislature intended that, under section 1172.75, subdivision (d)(4), some defendants previously sentenced to an upper term based on judicial factfinding could be resentenced to an upper term without any new heightened factfinding." (*Dozier*, at p. 715.) The court continued, "The Legislature was entitled to make that choice in enacting this ameliorative legislation. (See *People v. Standish* (2006) 38 Cal.4th 858, 880 [43 Cal.Rptr.3d 785, 135 P.3d 32] [' "The judiciary, in reviewing statutes enacted by the Legislature, may not undertake to evaluate the wisdom of the policies embodied in such legislation; absent a constitutional prohibition, the choice among competing policy considerations in enacting laws is a legislative function." '].)" (*Dozier*, at p. 715.)

Finally, *Dozier* reasoned that although *Cunningham* had held that the pre-2007 statutory scheme violated the Sixth Amendment, that decision did not apply retroactively to final sentences, including the defendant's. (*Dozier*, *supra*, 116 Cal.App.5th at p. 715.) Nor did the 2022 amendments to section 1170 apply retroactively to final judgments. (*Dozier,* at p. 716.) Therefore, "[b]y not extending the new heightened factfinding requirements to defendants like Dozier previously sentenced to an upper term, the Legislature left them in the same position they were in before resentencing — unable to take advantage of a nonretroactive ameliorative change in the law." (*Id*. at p. 716.) "That was not unconstitutional.[] (See *People v. Padilla* (2022) 13 Cal.5th 152, 162 [] [the Legislature may 'disclaim the application of a new ameliorative law to proceedings that

8

occur after a defendant's conviction or sentence has been vacated']; *People v. Conley* (2016) 63 Cal.4th 646, 656 [] [the Legislature 'may choose to modify, limit, or entirely forbid the retroactive application of ameliorative criminal law amendments if it so chooses']; *Mathis*, *supra*, 111 Cal.App.5th at p. 374, review granted [the Legislature is 'free to "write statutes that provide for a different or more limited form of retroactivity, or for no retroactivity at all" ']; *People v. Terwilligar* [(2025) 109 Cal.App.5th [585,] 601 [the Legislature has 'power to limit prospective application of ameliorative changes'].)" (*Dozier*, at p. 716, footnote omitted.)

We agree with *Dozier*. Under the Sixth Amendment, "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham*, *supra*, 549 U.S. at p. 281.) However, as ameliorative legislation passed at the same time as the changes to section 1170, the Sixth Amendment was not implicated by the *reimposition* of defendant's upper term under section 1172.75, subdivision (d)(4). (*Dozier*, *supra*, 116 Cal.App.5th at p. 715; *Mathis*, *supra*, 111 Cal.App.5th at pp. 371, 373-374.) Accordingly, this claim fails.

II

Defendant also contends the trial court abused its discretion by failing to consider mitigating circumstances under section 1385, subdivision (c) prior to determining whether to strike his prior strike. Defendant acknowledges that a wealth of decisions have determined that section 1385, subdivision (c) does not apply to the Three Strikes law and instead only applies to "enhancements" as that term is commonly understood. (See, e.g., *People v. Dowdy* (2024) 107 Cal.App.5th 5, 9; *People v. Burke* (2023) 89 Cal.App.5th 237, 244.)

Defendant originally asserted that the issue was before the California Supreme Court in its review of *People v. Dain* (2024) 99 Cal.App.5th 399, review granted (May 29, 2024, S283924). On reply, defendant conceded that was not the case. Nor has

9

he persuaded this court that its previous decision in *People v. Burke* and subsequent cases were mistaken, and we adhere to the determination that section 1385, subdivision (c) does not apply to decisions whether to strike a strike under the Third Strikes law. (*Burke*, *supra*, 89 Cal.App.5th at p. 244.)

To the extent defendant has asserted within this argument that the record does not show that the trial court would have refused to strike defendant's strike or prior serious felony enhancement if it had considered the subdivision (c) factors, this argument is unsupported by the record. Here, the trial court had already applied section 1385, subdivision (c) when it determined that it would not strike defendant's prior serious felony conviction enhancement because to do so would be contrary to the interests of justice and that defendant "does still present a serious danger to the community." Defendant has not explained why the result would be different for defendant's prior strike, nor has he demonstrated that the trial court erred in making this determination in relation to defendant's prior serious felony enhancement. Accordingly, his claim fails.

## DISPOSITION

The judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11